IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOSHUA CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-00426-CV-RK |
| | ) |
| CURATORS OF THE UNIVERSITY | ) |
| OF MISSOURI; GEORGE HARRIS; | ) |
| CARY CHELLADURAI; AND | ) |
| KRISTEN KLEFFNER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Joshua Carter ("Carter") brings this action for damages against Defendant The Curators of the University of Missouri, and individual UMKC administrators, Defendants Steven Kanter,[1] George Harris ("Harris"), Cary Chelladurai ("Chelladurai"), and Kristen Kleffner ("Kleffner") (collectively, "Defendants"). Before the Court is Harris' motion to dismiss.[2] (Doc. 35.) The motion is fully briefed. (Docs. 36, 38, 39.) For the reasons below, the motion to dismiss is **GRANTED in part**. The Complaint is **DISMISSED** as to the civil RICO claim as time-barred by the statute of limitations. The case is **REMANDED** to state court.

### Background

Carter is a UMKC alum. In 2011, Carter enrolled in a dual-degree program at UMKC, in which a student could obtain both an undergraduate and medical school degree in six years (the "Program"). On March 2, 2018, Carter filed this lawsuit against The Curators of the University of Missouri and individual UMKC administrators. According to the Complaint, Carter's injury began in 2012, when Defendants required him to extend his medical school education a year by entering an alternate program after he received a failing grade in a second-year course. Carter alleges that he chose to extend his education in reliance on Defendants'

---

[1] Carter previously voluntarily dismissed Kanter before the pending motion was filed. (Docs. 10, 12.)

[2] The fact that the motion to dismiss was filed only by Harris has no impact on the Court's analysis for purposes of this Order.

representations—made in email, in a telephone conversation, and in a student handbook—that the additional coursework would count toward his degree and help bolster his GPA. Carter claims the representations were false. Defendants subsequently refused to count the additional coursework toward his degree or toward his GPA.

Carter adds that from 2011 to 2016, Defendants made an additional representation to him that student transcripts will contain separate GPAs for undergraduate and medical school programs. According to Carter, despite this representation, in June 2016, Defendants refused to compute separate GPAs in Carter's transcript for his undergraduate and medical school coursework.

Carter raises one federal claim and three state law claims stemming from Defendants' representations. Carter alleges that Defendants committed several acts of mail and wire fraud, thereby violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") and causing him injury (Count I). Carter alleges that Defendants' conduct in connection with his decision to extend his medical school education violated the Missouri Merchandising Practices Act ("MMPA") (Count II). Carter also alleges that Defendants breached their promises to him that he would receive a degree following completion of courses and other requirements (Counts III and IV).

In June 2018, Kanter, Chelladurai, and Kleffner removed the action to this Court based on the RICO claim pursuant to federal question jurisdiction.[3] (Doc. 1.) Following removal, the Court granted Carter's unopposed motion to amend his complaint and Carter filed his First Amended Complaint (the "Complaint"). (Doc. 27.) Harris moves to dismiss the Complaint as time-barred and pointing out that Carter filed suit six years after he was required to repeat a year. Harris maintains that Carter could not file suit unless his claims had accrued within the four or five years prior to filing, according to the applicable limitations periods for Carter's civil RICO claim (four years) and state law claims (five years).[4]

---

[3] The Court has jurisdiction over Carter's federal RICO claim under 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over Carter's state law claims pursuant to 28 U.S.C. § 1367.

[4] Statutes of limitations are considered substantive law. *E.g.*, *Paracelsus Healthcare Corp. v. Philips Med. Sys.*, 384 F.3d 492, 495 (8th Cir. 2004) (Statutes of limitations are substantive laws). Accordingly, while RICO's civil limitations period applies to the civil RICO claim, state statutes of limitations apply to the state law claims. 1 Moore's Manual--Federal Practice and Procedure § 11.64 (2018) (when a court has supplemental jurisdiction over a state-law claim, the state statute of limitations and related principles of tolling applies).

## Legal Standard

"A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Hartig Drug Co. v. Ferrellgas Partners, L.P. (In re Pre-Filled Propane Tank Antitrust Litig.)*, 860 F.3d 1059, 1063 (8th Cir. 2017) (citations omitted). In the context of a motion to dismiss, the Court "accept[s] the well-pled allegations in the complaint as true and draw[s] all reasonable inferences in the plaintiff's favor." *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 821 (8th Cir. 2018). Under Missouri law, statutes of limitations are favored and any exceptions, such as tolling, are strictly construed. *Graham v. McGrath*, 243 S.W.3d 459, 464 (Mo. App. 2007); *Owen v. General Motors Corp.*, 533 F.3d 913, 920 n.5 (8th Cir. 2008).

## Discussion

**A.  RICO Claim**

"RICO provides for civil actions . . . by which 'any person injured in his business or property' by a RICO violation may seek treble damages and attorney's fees." *Rotella v. Wood*, 528 U.S. 549, 552 (2000) (citing 18 U.S.C. § 1964(c)). The limitations period for civil RICO claims is four years. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997) (citing *Agency Holding Corp.* v. *Malley-Duff & Associates, Inc.,* 483 U.S. 143, 156 (1987)). When civil RICO claims involve fraud, the discovery accrual rule applies, which "dictates that the limitations period begins to run when the facts constituting fraud were discovered or, by reasonable diligence, should have been discovered." *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006) (citations and internal quotations omitted). In applying the discovery accrual rule, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella*, 528 U.S. at 555.

The Court concludes that the Complaint itself shows that Carter's civil RICO claim initially accrued more than four years before he filed suit on March 2, 2018. Accepting the allegations as true and viewing them in Carter's favor, at the latest, the facts constituting fraud were discovered by Carter by October 2013. According to the Complaint, by October 2013, Carter was aware that the additional coursework would not count toward a degree or bolster his GPA despite earlier representations. Carter may not have been aware of the full extent of his injury at this time, but Carter knew he had been required to repeat a year unnecessarily and he would not receive "any tangible benefit" from the additional coursework. (*Id.* at ¶¶ 36, 55-56, 58.); *see Rotella*,

528 U.S. at 555 ("The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury.").

Carter's counter arguments do not save his RICO claim. First, Carter asserts that the issue of when Carter discovered Defendants' fraudulent conduct is a fact-intensive inquiry that the Court cannot resolve at this stage of the litigation. However, the inquiry is proper for resolution on a motion to dismiss because the Complaint contains allegations of when Carter discovered the facts constituting fraud. *See Hope*, 457 F.3d at 790 ("Ordinarily, a plaintiff's reasonable diligence . . . will be questions of fact for a jury, but '[w]here the evidence leaves no room for a reasonable difference of opinion . . . the court may properly resolve facts issues as a matter of law.'").

Second, Carter asks the Court to adopt a "separate accrual" rule, which would permit him to recover for subsequent predicate acts that occurred within the limitations period. The only authority cited by Carter is Justice O'Connor's dissenting opinion in *AMTRAK*, where she indicates that the Supreme Court endorsed this rule in *Klehr*. *AMTRAK v. Morgan*, 536 U.S. 101, 127 (2002) (citing *Klehr*, 521 U.S. at 190); *see Klehr*, 521 U.S. at 190 ("[S]ome Circuits have adopted a 'separate accrual' rule in civil RICO cases, under which the commission of a separable, new predicate act within a 4-year limitations period permits a plaintiff to recover for the additional damages caused by that act.") (citing decisions from the Second, Seventh, Ninth and Eleventh Circuits). The Court need not apply the separate accrual rule because it provides no relief to Carter's RICO claim. Carter fails to allege additional damage or harm "over and above" the harm that the earlier acts caused. *Klehr*, 521 U.S. at 190.

Accepting the allegations as true and viewing them in Carter's favor, Carter discovered his injury before March 2, 2014, and therefore, his civil RICO claim is time-barred. Because the Court dismisses the only claim over which it has original jurisdiction, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline jurisdiction over this case's remaining state law claims. The case is therefore remanded.

**Conclusion**

After careful consideration, the motion to dismiss is **GRANTED in part**. (Doc. 35.) The Complaint is **DISMISSED** as to the civil RICO claim as time-barred by the statute of limitations. The case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 27, 2019